Steven John Moser (SM1133)
Steven J. Moser, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TELMA ASCENCIO and MARIA CRUZ, individually    Case No.: 16-cv-6985
and on behalf of all others situated,

                        Plaintiffs,    **COLLECTIVE AND CLASS ACTION COMPLAINT**

           -*against*-    **JURY TRIAL DEMANDED**

D3, LLC,

                        Defendants.
------------------------------------------------------------------X

Plaintiffs, Telma Ascencio, and Maria Cruz (the "Individual Plaintiffs"), individually and on behalf of all others similarly situated, through their attorney, Steven J. Moser, P.C., bring this action against Defendant, D3, LLC and allege as follows:

### NATURE OF CLAIM

1. This action is brought to remedy overtime wage violations as required by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq. (29 U.S.C. § 207), the New York Labor Law ("NYLL") Article 19 §§ 650 et seq. and the supporting New York Codes, Rules and Regulations, 12 N.Y.C.R.R. § 142-2.2. The Plaintiffs also bring this action under Fed. R. Civ. P. 23 for delayed payment of wages under NYLL § 191.

### JURISDICTION AND VENUE

2. The Plaintiffs brings the FLSA claim individually and on behalf of each individual who elects to opt-into this action pursuant to 29 U.S.C. § 216.

3.      This court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

5.      The Plaintiffs bring the FLSA claim on behalf of themselves and other similarly situated persons who were current and former workers employed at D3 facilities located at 75 Marcus Drive, Melville, New York 11747 and 20 Melville Park Road, Melville, New York 11747, at any time during the three year period prior to the filing of the complaint (the "relevant time period") and who elect to opt-in to this action (the "FLSA Collective").

6.      Upon information and belief, the FLSA Collective consists of many similarly situated current and former employees of the Defendant who have been victims of the Defendant's common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying full overtime wages.

7.      The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to the Defendant, are readily identifiable, and locatable through the Defendant's records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

8. The Plaintiffs bring the Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure.

9. The Plaintiffs bring the Third Cause of Action on behalf of themselves and a class consisting of all manual laborers who have been employed by D3, LLC in the State of New York for the six year period prior to the filing of this complaint and up to the date of final judgment in this matter ("the New York Class").

10. Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

11. The members of the New York Class are so numerous that joinder of all members is impracticable.

12. Upon information and belief, the size of the New York Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

13. Common questions of law and fact exist as to the class that predominate over any questions only affecting class members individually and include, but are not limited to, the following:

   (a) whether Defendants were required to pay all class members no later than 7 calendar days after the workweek in which wages were earned;

   (b) whether Defendants failed to promptly pay wages pursuant to NYLL § 191.

(c) the nature and extent of class-wide injury and the measure of damages for those injuries.

14. The claims of the Plaintiffs are typical of the class-wide claims. The Plaintiffs and all of the class members work, or have worked, for Defendants as manual workers in the State of New York. The Plaintiffs and the class members enjoy the same statutory rights under the NYLL, to be paid on a weekly basis and to be provided with wage notices. The Plaintiffs and the class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

15. The Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. The Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. The Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. The Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. The Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. The Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial. The Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the class members.

16. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform

policies, practices, and procedures. Although the relative damages suffered by individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

17. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

18. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

19. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## WILLFULNESS ALLEGATIONS

20. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

21. Upon information and belief, this policy and pattern or practice includes but is not limited to:

   (a) willfully failing to pay employees overtime wages for all hours worked in excess of 40 hours per week;

   (b) paying for overtime hours at the regular rate of pay, rather than the proper overtime rate;

22. Upon information and belief, Defendant was or should have been aware that their actions as described in this complaint violated both state and federal law.

## PARTIES

*Individual Plaintiffs*

23. Plaintiff Telma Ascencio is a natural person who resides in Nassau County, New York and was an employee of the Defendant during the relevant time period.

24. Plaintiff Maria Cruz is a natural person who resides in Suffolk County, New York and was an employee of the Defendant during the relevant time period.

*Defendant*

25. Upon information and belief, Defendant D3, LLC ("D3") is a limited liability corporation, incorporated in Delaware, located in Melville, New York 11747.

26. Upon information and belief, D3 manufactures cosmetics and creates point of service display systems for the cosmetics industry.

27. Upon information and belief, D3 employed workers at 75 Marcus Drive, Melville, New York and 20 Melville Park Road, Melville, New York 11747 within the three years prior to the filing of this complaint.

*Factual Allegations Common to All Plaintiffs*

28. Upon information and belief, D3 has been an employer within the meaning of 29 U.S.C. § 203(d) and employed the Plaintiffs during the relevant time period.

29. Upon information and belief, D3 has been an employer within the meaning of the NYLL § 190(3) and employed the Plaintiffs during the relevant time period.

30. Upon information and belief, D3 has been engaged in commerce as defined in the FLSA.  29 U.S.C. §§ 201 *et. seq*. during the relevant time period.

31. Upon information and belief, each of the individual plaintiffs assisted in the handling of goods that had been transported in interstate commerce during the relevant time period.

32. Upon information and belief, D3 has had an annual dollar volume of sales or business done at $500,000 during the relevant time period.

33. Upon information and belief, each of the plaintiffs were required to work in excess of 40 hours per week during the relevant time period.

34. Upon information and belief, each of the individual plaintiffs worked uncompensated overtime hours for the Defendant or was paid for overtime hours at the regular rate of pay, rather than the proper overtime rate during the relevant time period.

35. Upon information and belief, Defendant deprived Plaintiffs of an overtime wage as required by 29 U.S.C. §§ 201 et seq. (29 U.S.C. § 207), NYLL Article 29 §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

*Individual Factual Allegations*

36. The following individual factual allegations are best approximations based upon the recollection of the individual Plaintiffs.  The Plaintiffs reserve the right to amend their

individual factual allegations to the extent that records exist which either refresh the Plaintiffs' recollections or may be used to substantiate the exact number of hours worked and/or wages paid.

*Telma Ascencio*

37. Telma Ascencio ("Ascencio") was initially worked at D3 through an employment agency in March 2011. In February 2014, Ascencio was hired directly by D3. Her employment was terminated by D3 on June 12, 2015.

38. Ascencio was employed at the D3 facility located at 20 Melville Park, Melville, New York 11747.

39. After being employed directly by D3, Ascencio performed primarily lifting, moving and assembly tasks.

40. Ascencio was a manual worker as defined in the NYLL.

41. Ascencio's regular rate of pay of was $11.54 in February 2014. Her regular rate of pay was increased to $12.20 in December 2014.

42. Until recently, Ascencio regularly worked Monday to Friday, 7:30 a.m. to 6:00 or 7:00 p.m., and Saturday from 7:30 a.m. to 1:00 p.m. with a fifteen-minute break.

43. Ascencio regularly worked 10 to 11 hours daily Monday to Friday and 5 ¼ hours on Saturday.

44. Ascencio worked a total of approximately 55 ¼ to 60 ¼ hours weekly.

45. Ascencio regularly worked 15 ¼ to 20 ¼ hours of overtime weekly.

46. Although Ascencio regularly worked overtime during the relevant period, she was not paid for overtime hours worked at the overtime rate.

*Maria Cruz*

47.     Maria Cruz ("Cruz") was initially worked at D3 through an employment agency (ADECCO USA, Inc.) in 2008. After three months, Cruz was hired directly by D3.

48.     Cruz worked at D3 from 2008 to 2010 and from 2011 to the present.

49.     Cruz is employed at the D3 facility located at 75 Marcus Drive, Melville, New York 11747.

50.     As Line Supervisor, Cruz allocates worker tasks, monitors completion and performs quality control.

51.     At times during the six year period prior to the filing of this complaint, Cruz was a manual worker as defined in the NYLL.

52.     Cruz hourly rate of pay was: (1) $11.95 in 2008; (2) $12.95 in 2009; (3) $13.95 in 2010; (4) $14.95 in 2011; (5) $15.95 in 2012; (6) $16.95 in 2013; (7) $17.95 in 2014; and (8) $18.95 in 2015.

53.     Cruz worked a varying schedule dependent on her supervisor's demands.

54.     Cruz worked Monday to Friday, from either: (a) 7:30 a.m. to 6:00 p.m.; or (b) 7:00 a.m. to 6:15 p.m., with a thirty-minute break. She worked Saturday, 7:30 a.m. to 3:30 p.m. (although this fluctuated at times between 1:30 p.m. and 5:30 p.m.).

55.     Cruz regularly worked approximately 10 to 10 ¾ hours daily Monday to Friday, and an average of seven and a half hours Saturday, totaling approximately 57 ½ to 61 ¼ hours weekly.

56.     Cruz regularly worked approximately 17 ½ to 21 ¼ hours overtime weekly.

57.     Although Cruz regularly worked overtime during the relevant period, she was not paid for overtime hours worked at the overtime rate.

58. Defendant deprived Cruz of an overtime wage as required by 29 U.S.C. §§ 201 et seq. (29 U.S.C. § 207), NYLL Article 29 §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

59. Cruz is presently scheduled to work Monday to Friday.

## FIRST CAUSE OF ACTION
### Overtime Violations
### Fair Labors Standards Act
### 29 U.S.C. §§ 201, *et. seq.*

60. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

61. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

62. Plaintiffs and the FLSA Collective are employees within the meaning of 29 U.S.C. § 203(e).

63. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations apply to Defendant and protect Plaintiffs.

64. Defendant was required to pay Plaintiffs and the FLSA Collective at a rate of one and one half times the regular rate for all hours worked in excess of 40 hours in a workweek.

65. Defendant failed to pay Plaintiffs the proper overtime wages for working more than 40 hours per week.

66. Defendant's violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

67. Defendant either knew or acted with reckless disregard as to whether their conduct violated the FLSA. Defendant did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiffs and the FSLA Collective. McLaughlin, 486 U.S. at 133-35. Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

68. As a result of Defendant's violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA and are entitled to recovery of such amounts, including liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et. seq.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Violation
### Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

69. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

70. Defendant has been an employer within the meaning of the NYLL § 190(3) and employed the Plaintiffs.

71. Plaintiffs have been employees within the meaning of the NYLL § 190(3) and were employees of the Defendant.

72. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiffs.

73. Defendant has failed to pay Plaintiffs overtime wages to which they are entitled pursuant to the NYLL and the supporting New York State Department of Labor Regulations.

74. Through Defendant's knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

75. As a result of Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## THIRD COUNT
### Delayed Wages Under NYLL § 191
### Class Action

76. The Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

77. Telma Ascencio was a manual worker within the meaning of the NYLL.

78. Maria Cruz was a manual worker within the meaning of the NYLL.

79. The Plaintiffs and the New York Class were entitled the payment of wages no later than seven days after the last day of the week in which the wages were earned.

80. Defendants willfully failed to pay the Plaintiffs and the New York Class timely wages as required by the NYLL.

81. The Plaintiffs and the New York Class are entitled to liquidated damages in the amount of the wages for each week in which pay was delayed, in addition to reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests that this court grant the following relief:

    A. Unpaid overtime pay under the FLSA;

    B. An amount equal to unpaid overtime as liquidated damages under the FLSA;

    C. Unpaid overtime wages under the NYLL;

    D. Liquidated damages under the NYLL;

    F. Reasonable attorney's fees and cost of the action;

    G.  Prejudgment interest at a rate of 9% per annum under state law; and

    H.  Such other relief as the Court shall deem just and proper.

Dated: Glen Cove, New York
        December 19, 2016

                            STEVEN J. MOSER, P.C.

                            By: Steven J. Moser
                            3 School Street, Suite 207 B
                            Glen Cove, New York 11542
                            (516) 671-1150
                            F (516) 882-5420
                            smoser@moseremploymentlaw.com
                            *Attorneys for Plaintiff*